Richard H. MOIEL, M. D., Appellant,

v.

Joann SANDLIN, et al., Appellees.

No. 1328.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 21, 1978.

Michael A. Andrews, Brown, Stephens & Andrews, Houston, for appellant.

O. F. Jones, II, Victoria, for appellees.

OPINION

NYE, Chief Justice.

This is a suit by a doctor against an attorney and his client. Originally, JoAnn Sandlin and her husband, George B. Sandlin, filed a medical malpractice suit against Dr. Richard H. Moiel. The suit was later voluntarily dismissed. Thereafter, Dr. Moiel filed this present suit against Mr. and Mrs. Sandlin and their attorney, Edward

Ganem, for filing the medical malpractice suit against him without just cause. The trial court granted the attorney and his clients' motion for summary judgment predicated on the sole ground that the doctor's pleadings "fails to state a cause of action" against them. The doctor perfected his appeal to this Court.

On July 14, 1972, Dr. Moiel performed lower back surgery on Mrs. Sandlin. In September 1973, Mrs. Sandlin again entered the hospital to have additional surgery performed by another doctor. In December of 1975, the Sandlins through their attorney, Edward Ganem, filed a medical malpractice suit against Dr. Moiel alleging that the doctor had negligently performed surgery on Mrs. Sandlin in 1972. The Sandlins alleged that they had not discovered the negligence of Dr. Moiel until a period of time shortly prior to the filing of the suit in 1975. Dr. Moiel answered and alleged that the Sandlins' cause of action was barred by the statute of limitations because their suit had been filed more than two years after the alleged negligent surgery had been performed. Subsequently, the Sandlins filed a motion for a voluntary nonsuit which was granted by the trial court.

In March of 1977, Dr. Moiel filed this present suit against the Sandlins and their attorney, Edward Ganem. The doctor alleged that the original medical malpractice suit had been filed without just cause and that the suit was based upon: 1) malicious prosecution; 2) barratry; 3) abuse of process; and 4) negligence. Dr. Moiel prayed for: 1) $250,000 damages for personal humiliation, mental anguish, distress, and injury to his professional reputation; 2) $8,000 damages for the inconvenience and neglect to his professional practice occasioned by the medical malpractice suit; 3) $50,000 damages for the present and future increases in his professional liability insurance premiums; and 4) punitive damages of $250,000.

The Sandlins and their attorney filed a motion for summary judgment predicated on the ground that Dr. Moiel's petition failed to state a cause of action. Dr. Moiel

filed a reply in opposition to the motion for summary judgment which was supported by an affidavit of Dr. Moiel's professional liability insurance agent. After a hearing, the trial court granted the summary judgment.

■ In considering Dr. Moiel's points of error, we will keep in mind the familiar rules of law governing our review of summary judgments under Rule 166–A, T.R. C.P. See *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952), and *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557 (1962). Without reciting all of such familiar rules, we must point out that where the movant's motion challenges, in effect, the sufficiency of the non-movant's pleadings to raise a genuine issue of material fact which would constitute a cause of action, the operation of such a motion for summary judgment is closely analogous to a special exception challenging the sufficiency of the non-movant's pleadings as a matter of law. In such a case, the petition to which the motion is directed must be construed most liberally in favor of the pleader. Such a petition is entitled to the benefit of every reasonable inference which can properly be drawn in its favor. It must appear that the facts alleged by the non-movant established the absence of a right of action or of an insuperable barrier to a right of recovery. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). See *Smart v. Carlton*, 557 S.W.2d 553, 555 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.); *Garza v. Perez*, 443 S.W.2d 855 (Tex.Civ.App.—Corpus Christi 1969, no writ).

Dr. Moiel brings forward three points of error generally contending that the trial court's granting of the motion for summary judgment was erroneous because he had pled valid causes of action on each of the various theories relied upon. In addition, Dr. Moiel generally argues that the defendant attorney had instituted the medical malpractice suit maliciously and without probable cause when he knew such suit was barred by the statute of limitations. Dr. Moiel's pleadings state that the medical malpractice suit was not filed against him

until December 1975, which was more than two and one-half years after the original surgery was performed. He contends that he specifically pled that the Sandlins' cause of action was barred by the two-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (1958), and that shortly thereafter, the Sandlins, in response to such plea, filed a motion for a voluntary nonsuit.

Although the Sandlins' original medical malpractice petition and Dr. Moiel's subsequent motion for summary judgment are not before this Court, the Sandlins argue that they had alleged in their petition that Dr. Moiel's negligence had not been discovered until a period of time shortly prior to the filing of the original medical malpractice suit. The cause of action for negligence in such a case would not have been barred by limitations under the discovery doctrine announced in *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967). Appellee attorney contends that the information concerning Mrs. Sandlin's cause of action was based, at least in part, on statements made by Mr. Sandlin to him. Apparently, Dr. Moiel's attorney thereafter took Mrs. Sandlin's deposition, and she testified under oath to the effect that she had actually discovered the alleged negligence of Dr. Moiel in September 1973 while she was hospitalized for the second operation. Thus, it was apparent that Mrs. Sandlin discovered the alleged negligent conduct more than two years before the time the medical malpractice suit was filed. This testimony, according to the appellee attorney, prompted Sandlins' attorney to then dismiss the medical malpractice suit.

 As a general rule, the plea of limitation is an affirmative defense which must be pled specially in the trial court or it is waived. See e. g., *McClenney v. McClenney*, 3 Tex. 192 (Tex.1848); *McDaniel v. Tucker*, 520 S.W.2d 543 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). The statutes of limitations do not affect the substantive rights of the parties but merely affect the remedy when its enforcement is sought. *City of Dallas v. Etheridge*, 152 Tex. 9, 253 S.W.2d 640 (1953); *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879 (1947). The defense of limitations is, of course, waivable, and the mere filing of a suit after the limitations period has expired, without more, does not warrant the conclusion that the suit was filed maliciously or without probable cause. An attorney may generally rely on good faith upon the facts his client relates. Unless lack of probable cause for a claim is obvious from the facts disclosed by the client or otherwise brought to the attorney's attention, he may assume the facts so disclosed are substantially correct. See e. g., *Milliner v. Elmer Fox and Co.*, 529 P.2d 806 (Utah Sup.1974); *Maechtlen v. Clapp*, 121 Kan. 777, 250 P. 303 (1926); *Peck v. Chouteau*, 91 Mo. 138, 3 S.W. 577 (1887).

Turning now to point of error one, Dr. Moiel contends that his pleadings allege a viable cause of action based on malicious prosecution. As such, our first question concerning this type of cause of action is whether or not the doctor pled damages conforming to the legal standards required for malicious prosecution action. Dr. Moiel recognizes that in malicious prosecution actions, the plaintiff must allege and proffer evidence that he has suffered some interference by reason of the filing of the original lawsuit, *with his person or property.* See *Pye v. Cardwell*, 110 Tex. 572, 222 S.W. 153 (1920); *Salado College v. Davis*, 47 Tex. 131 (Tex.1877). Dr. Moiel contends that his pleadings meet this requirement because he alleged that his professional liability insurance premium rates were substantially increased as a result of the filing of the original medical malpractice lawsuit and that this is an interference with his property. We do not agree.

 Texas and other jurisdictions adhering to the special injury requirement in malicious prosecution actions have required actual interference with the defendant's person (such as an arrest or detention) or property (such as an attachment, an appointment of a receiver, a writ of replevin or an injunction). See e. g., *Johnson v.*

*King & Davidson,* 64 Tex. 226 (Tex.Sup. 1885); *Louis v. Blalock,* 543 S.W.2d 715 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.); *Green v. Meadows,* 527 S.W.2d 496, 498 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.); *Pendleton v. Burkhalter,* 432 S.W.2d 724 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Daniels v. Conrad,* 331 S.W.2d 411 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.); *Lindsay v. Woods,* 27 S.W.2d 263 (Tex.Civ.App.—Amarillo 1930, no writ); *King v. D. Sullivan & Co.,* 92 S.W. 51 (Tex.Civ.App.1906, no writ); *North Point Const. Co. v. Sagner,* 185 Md. 200, 44 A.2d 441 (1945); *Pittsburg, J., E. & E. R. Co. v. Wakefield Hardware Co.,* 138 N.C. 174, 50 S.E. 571 (1905); *Manufacturers & Jobbers Finance Corp. v. Lane,* 221 N.C. 189, 19 S.E.2d 849, 853 (1942). If the defendant has suffered an interference with his person or property, he may then recover the actual damages resulting therefrom including injuries to his reputation and business interests. See e. g., *Green v. Meadows,* 527 S.W.2d 496, 499 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). An increase in insurance rates does not constitute an actual interference with Dr. Moiel's property as required in Texas. The alleged increase in insurance premiums in this case is more analogous to a prepayment for attorney's fees and expenses incurred in defending medical malpractice cases which are an incident of defending any civil suit. The affidavit [1] in support of Dr. Moiel's motions for summary judgment stated that the increase in Dr. Moiel's professional liability insurance rates was, in part, a reflection of the costs the insurance company incurred for defending groundless medical malpractice suits in general. This rate increase was not necessarily attributable solely to the malpractice suit filed against Dr. Moiel by the Sandlins.

■ Dr. Moiel also contends (point of error three) that his pleadings stated a valid cause of action for the offense of barratry. We disagree. Section 38.12(a)(2) of the Texas Penal Code (1974) provides that a person is guilty of the offense of barratry if, "with intent to obtain a benefit for himself or to harm another he institutes any suit or claim that he knows is false." This portion of the barratry statute provides a criminal sanction to supplement the tort remedy available for malicious prosecution and disciplinary procedures available under the Texas Code of Professional Responsibility. See Practice Commentary, Tex.Penal Code § 38.12 (1974). The offense of barratry as defined in the penal code is a public remedy and not a private one.

All of the other questions raised and arguments presented in this appeal are the same as we considered in *Martin v. Trevino* (Tex.Civ.App.—Corpus Christi 1978, no writ). We hold that the Trevino opinion controls the disposition of all of the other points and arguments raised in this appeal. Dr. Moiel's points of error are overruled.

The judgment of the trial court is AFFIRMED.

---

1. This affidavit stated, in relevant part, as follows:

 "In 1975 Dr. Richard Moiel paid a premium for insurance in the Aetna Life & Casualty Insurance Company in the amount of $11,950 for 5,200,000/5,600,000 limits for medical professional liability insurance. In 1976 Dr. Moiel paid a premium of $23,922 for the same limits for coverage with the same carrier. Currently, the premium for the same limits with the same carrier is $31,125. Since the insurance rates are determined by losses and claims handling expenses, including attorney's fees, rates have increased dramatically because of higher charges incurred. Thus, it is a fact that legal expenses for defense of groundless lawsuits are included in the rate calculation by insurance companies and these costs are reflected in higher premiums charged to insurance purchasers such as Dr. Moiel."