**J. Raul RODRIGUEZ**

v.

**Archie David CARROLL, Sam M. Yates, and Lee Arnett.**

**Civ. A. No. B–79–207.**

United States District Court, S. D. Texas, Brownsville Division.

Feb. 16, 1981.

Thomas R. Beech, Houston, Tex., Lawyers Protecting People from Malicious and Unjustified Lawsuits, Inc., Ellis Rubin, Miami, Fla., for plaintiff, J. Raul Rodriguez.

Frank Costilla, Brownsville, Tex., for defendant, Archie David Carroll.

Branton & Mendelsohn, Inc., Les Mendelsohn, San Antonio, Tex., for defendants, Sam M. Yates & Lee Arnett.

## MEMORANDUM AND ORDER

DeANDA, District Judge.

Presently pending before the Court is a Motion to Dismiss Complaint filed by Defendants Yates and Arnett. The Motion alleges, *inter alia*, that the Complaint fails to state a claim against these Defendants upon which relief can be granted. After reviewing the Motion and supporting arguments, and after reviewing the pleadings on file in this cause, this Court has determined that Plaintiff has failed to state a claim upon which relief can be granted against said Defendants, and additionally, has failed to state a claim upon which relief can be granted against Defendant Carroll.

Accordingly, the Court finds that the claims against all Defendants in this cause should be and they are hereby DISMISSED.

### I. BACKGROUND:

The present case arises out of earlier litigation wherein Defendant Carroll had sued Plaintiff, a medical doctor, and two other parties in Texas State District Court in 1976, alleging medical malpractice, negligence and lack of informed consent regarding surgery performed on Carroll by Plaintiff. Carroll was represented in said lawsuit by Defendants Yates and Arnett. Following trial on the merits which began on June 26, 1978, a Jury entered its verdict in favor of Dr. Rodriguez. The judgment in favor of Dr. Rodriguez was formally entered by the state court on September 18, 1978. As a result of the malpractice action, Plaintiff filed suit in federal court alleging deprivation of property without due process of law and denial of equal protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Additionally, claiming pursuant to 42 U.S.C. §§ 1983 (Supp.1980) and 1985(3) (1974), Plaintiff asserted that Defendants had acted to deprive him of said constitutional rights under the "color and pretense" of the laws, customs and administrative enactments of the State of Texas,[1] and further, that such action was undertaken pur-

---

1. Defendants are accused of acting under 1977 legislation which requires that insurers providing medical professional liability insurance (or uninsured physicians individually) report data

suant to a conspiracy designed to deprive Plaintiff of said rights. Plaintiff also alleged a common law tort action against Defendants for abuse of process in order to obtain an object not intended by law. Federal jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331(a) (Supp.1980) and 1343 (Supp.1980), and jurisdiction over Plaintiff's common law claim is proper under the doctrine of pendent jurisdiction.

Plaintiff, alleging that Defendants conspired to subject him to a frivolous and malicious malpractice suit (and had obtained issuance of a summons served on Plaintiff in implementing said conspiracy) in order to extort a settlement and damage his good name and professional reputation, sought redress for his grievances in federal court. As a direct result of the activities of Defendants, Plaintiff sought compensatory damages for injury to his personal and professional reputation, lost income, mental anguish and stress (which allegedly resulted in Plaintiff's development of a peptic ulcer), and attorney's fees spent in the defense of the malpractice suit, and further sought substantial exemplary damages against Defendants Yates and Arnett.

## II. *FIFTH AND FOURTEENTH AMENDMENT CLAIMS*

█ It was established long ago that the Fifth Amendment applies to and restricts only the activities of the federal government and not those of private persons. See, e. g., *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952). Indeed, this Court has recently declared its position that where there is no federal action, the protections of the Fifth Amendment do not arise. *Heiskala v. Johnson Space Center Federal Credit Union*, 474 F.Supp. 448 (S.D.Tex.1979). It is equally well established that private action is immune from the restrictions imposed upon the states by the Fourteenth Amendment. See, e. g., *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). In the case at bar, there is absolutely no connection between Defendants and the federal government, nor is the existence of any federal action affecting Plaintiff even alleged. Absent such a nexus, Plaintiff cannot invoke the protections of the Fifth Amendment, and his claim thereon is absolutely invalid. Also in this case Plaintiff has not joined the State of Texas or any state official as a party defendant. Where, as here, purely private persons are named as defendants, and said Defendants' alleged malicious acts took place independent of and prior to the judicial decision and legislation relied on by Plaintiff as the basis of his state action

to the Texas State Board of Medical Examiners on court actions relating to medical health care claims filed against an insured (or individual uninsured physician) and the final disposition of such claims. This may result in disciplinary action being taken, after hearing, against a licensed physician for repeated or recurring *meritorious* health care liability claims, which, in the opinion of the Board, evidence professional incompetence likely to injure the public. Tex. Rev.Civ.Stat.Ann. art. 4590i, §§ 2.08, 2.11(3) (Vernon Supp.1980) (emphasis added). Plaintiff claims that mere filing of a malpractice suit subjects him to the "risk" of annoyance, inconvenience, expense, and anguish of an investigation which can result in disciplinary action against him.

Additionally, Plaintiff claims that (and by reference asserts that the Defendants acted pursuant to) a recent decision by the Texas Court of Civil Appeals on which the Texas Supreme Court had denied application for writ of error,

*Martin v. Trevino*, 578 S.W.2d 763 (Tex.Civ. App.—Corpus Christi, 1979, writ ref'd n. r. e.), effectively denies any state remedy to a physician for damages to his professional reputation as a result of a frivolous malpractice lawsuit. This alleged denial of a state remedy is claimed by Plaintiff to deprive him of his right to recover damages to his property and profession without due process of law, and to deny him equal protection of the laws by discriminating against him as a professional. Without joining the State of Texas or any of its officers or agents as party defendants, Plaintiff claims that Defendants conspired in filing the malpractice suit with the specific intent of depriving him of these constitutional rights.

Furthermore, in the case of Defendants Yates and Arnett, Plaintiff claims they acted under "color of state law" pursuant to the authority of their positions as attorneys licensed by the State of Texas in filing the malpractice suit on behalf of Defendant Carroll.

claim,[2] and where such acts were not authorized thereby, the protections of the Fourteenth Amendment do not come into play.

## III. *CIVIL RIGHTS ACT CLAIMS*:

### A. Section 1983 [3]

■ Absent any nexus to a person who acted under color of state law,[4] or unless they themselves commit a wrongful deprivation pursuant to authority vested upon them by state law,[5] private individuals may not be held liable for their actions under Section 1983 of the Civil Rights Act. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978), modified on other grounds, per curiam, 583 F.2d 779 (5th Cir. 1978); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). The Fifth Circuit has held that lawyers who participate in private state court litigation do not act under color of state law within the meaning of the Federal Civil Rights Act and are not liable under said act for their actions in such litigation. *Id.; Slavin, supra.* Furthermore, there is no cause of action under the Civil Rights Act as a result

of private litigation in which the state does no more than furnish the forum and has no interest in the outcome.[6] *Hill, supra.*

■ It is apparent that there is no state action present in this case with respect to Plaintiff's § 1983 claim. Neither the judge nor any other state official who took part in the malpractice lawsuit and who could arguably be said to have acted under color of state law was named a party defendant in this case, nor is improper conduct by any such persons nor any relationships between them and Defendants alleged. Defendants Yates and Arnett, although licensed to practice law in the State of Texas, were not acting under color of state law in pursuing the state court litigation. Notwithstanding any temporal deficiencies regarding Plaintiff's contentions, neither the state legislation nor the *Martin* decision, cited note 1 *supra*, authorize Defendants to file an unfounded, malicious malpractice lawsuit. Absent § 1983's state action requirement, Plaintiff's claim pursuant to that section must also fall.

---

**2.** This Court disagrees with Plaintiff's contentions with respect to the *Martin* case, *supra*, note 1. The *Martin* Court relied on venerable Texas precedent based on sound policy reasons for denying a litigant damages for malicious prosecution absent allegations of special damages to his person or property. *Martin*, note 1 *supra*, at 767–68. Additionally, the *Martin* court recognized that the Texas legislature had created a statutory cause of action for bad faith filing of health care liability claims which could be asserted against both claimants and/or their attorneys for compensatory and exemplary damages. Tex.Rev.Civ.Stat.Ann. art. 4590i §§ 8.01–8.05 (Vernon Supp.1980). Plaintiff's counsel filed a brief as *amicus curiae* in the *Martin* case and was fully aware that the Texas legislature had adopted an alternative statutory remedy specifically designed to aid Plaintiff and members of his class. While such relief might not be as broad as Plaintiff would desire, this Court cannot conceive that its alleged inadequacy amounts to a denial of due process or equal protection, and takes a contrary view.

This Court is even less convinced by Plaintiff's allegations that the statutory scheme for disclosure of pending malpractice actions to the Texas State Board of Medical Examiners could result in any appreciable damages since the statute requires that any matters disclosed or developed in any resulting investigation are to be kept strictly confidential. See Tex.Rev.

Civ.Stat.Ann. art. 4590i, § 2.06 (Vernon Supp. 1980).

**3.** This Court does not pass upon whether Plaintiff must pursue his state judicial remedy as set out in note 2, *supra*, before he can bring an action under § 1983. See, *Egner v. Texas City Ind. School Dist.*, 338 F.Supp. 931 (S.D.Tex. 1972); *Schwartz v. Galveston Ind. School Dist.*, 309 F.Supp. 1034 (S.D.Tex.1970). See also, C. Wright, Law of Federal Courts § 49 (3d ed. 1976).

**4.** See, e. g., *U. S. v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Gomez v. Florida State Employment Comm'n*, 417 F.2d 569 (5th Cir. 1969).

**5.** See *Hall v. Garson*, 430 F.2d 430 (5th Cir. 1970). *Cf. Potts v. Wright*, 357 F.Supp. 215 (E.D.Pa.1973) (no state authorization—no state action present).

**6.** This Court recognizes that resort by private citizens to constitutionally infirm state court prejudgment remedies is an exception to this general rule. See, e. g., *Morrow Elec. Co., Inc. v. Cruse*, 370 F.Supp. 639 (N.D.Ga.1974); *Barber v. Rader*, 350 F.Supp. 183 (S.D.Fla.1972). *Cf. Coltharp v. Cutler*, 419 F.Supp. 924 (D.Utah 1976) (no state action present absent direct attack on constitutionality of state prejudgment remedy procedure).

**B.  Section 1985(3)**

██ Defendants Yates and Arnett could be liable despite their status as attorneys if an actionable conspiracy to deprive Plaintiff of his civil rights exists.  *Slavin, supra.*  However, § 1985(3) does not give a cause of action for a conspiracy the purpose of which is to deny due process.  *Dunn v. Gazzola,* 216 F.2d 709 (1st Cir. 1954);  *Shore v. Howard,* 414 F.Supp. 379 (N.D.Tex.1976);  *Bryant v. Harrelson,* 187 F.Supp. 738 (S.D. Tex.1960).  A close examination of the Complaint and materials filed in this case makes it apparent that Plaintiff has presented allegations unsupported by fact concerning a denial of equal protection of the laws and is really complaining of alleged denial of due process.  See *Coltharp, supra* note 6, at 928.  As such, Plaintiff has failed to present an actionable 1985(3) conspiracy.

██ Notwithstanding, it is the law in this country that private conspiracies to deprive a person of the equal protection of the laws have to be motivated by a racial or otherwise class-based animus for an action under Section 1985(3) to lie.  *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).  No racial animus behind the conspiracy is alleged by Plaintiff, though he does state that he is of "Mexican-American descent" [sic] and that Defendants are "members of the Caucasian race" [sic].  Such a sterile, isolated contention, without more, simply does not state a claim for a racially motivated conspiracy in violation of Plaintiff's civil rights.  *Croy v. Skinner,* 410 F.Supp. 117, 125–27 (N.D.Ga.1976).  The only possible "class based" discrimination behind Defendants' alleged conspiracy would result from Plaintiff's membership in the medical profession.  Where, however, the conduct was directed at Plaintiff because of his individual or personal traits, or where the only class in which Plaintiff claims membership was not in fact the object of Defendants' animus, the suit must be dismissed.  *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870, 877 & n. 13 (5th Cir. 1976) modified on other grounds, 545 F.2d 919 (5th Cir. 1977) (en banc).  Here Plaintiff alleges that Defendants conspired to file a malicious malpractice suit against *Plaintiff* as a result of surgery performed by *Plaintiff* on Defendant Carroll in order to extort a cash settlement from *Plaintiff* and to bring *Plaintiff's* good name and professional reputation into disgrace and disrepute.  Such allegations fail to delineate any class-based conspiracy to invoke the protections of § 1985(3).  Absent any allegations of fact which tend to show that the conspirators were motivated by any racial or class-based animus, Plaintiff fails to state a claim upon which relief can be granted.  *Jones v. Bales,* 58 F.R.D. 453 (N.D.Ga.1972), aff'd 480 F.2d 805 (5th Cir. 1973).

**IV.  PENDENT CLAIMS**

This Court finds that Plaintiff's Civil Rights Act claims raise a sufficient federal question on their face to warrant adjudication thereof on the merits.[7]  See *Save Our Cemeteries v. Archdiocese of New Orleans,* 568 F.2d 1074 (5th Cir. 1977), cert. denied, 439 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 133 (1978);  *Meredith v. Allen County War Memorial Hospital Comm'n,* 397 F.2d 33 (6th Cir. 1968).  Since said claims are substantial enough to invoke federal subject matter jurisdiction, this Court can properly exercise its pendent jurisdiction and rule on Plaintiff's state law claims.  *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).  Since the questions of state law presented by Plaintiff are well settled and can be disposed of without trial, and in the interests of judicial economy, convenience, and fairness to the litigants, this Court exercises its discretion to decide such claims on the merits.  See *Dreyer v. Jalet,* 349 F.Supp. 452, 466 (S.D.Tex.1972), aff'd per curiam, 479 F.2d 1044 (5th Cir. 1973).

7. *But see, Robinson v. Bergstrom,* 579 F.2d 401 (7th Cir. 1978) (holding that the proper ground for dismissal of a § 1983 action in which Plaintiff fails to establish state action is lack of jurisdiction).

## A. ABUSE OF PROCESS

To recover for abuse of process, Texas law requires Plaintiff to plead and prove three essential elements: (1) that the defendant make an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of process; and (3), that damage resulted to Plaintiff as a result of such irregular act. *Martin, supra,* note 1; *J. C. Penney Co. v. Gilford,* 422 S.W.2d 25 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.). Mere procurement or issuance of process with a malicious intent or without probable cause (including the malicious filing and maintenance of a civil action) is not actionable, as there must be an improper use of the process after its issuance. *Tandy Corp. v. McGregor,* 527 S.W.2d 246 (Tex.Civ.App.—Texarkana 1975, writ ref'd n. r. e.); *Blackstock v. Tatum,* 396 S.W.2d 463 (Tex.Civ. App.—Houston 1965, no writ).

Overt acts done to obtain a collateral and unlawful objective to that appearing on the face of the instituted action may amount to abuse of process. *Associated Radio Service Co. v. Page Airways, Inc.,* 414 F.Supp. 1088 (N.D.Tex.1978). Such acts, however, must be other than those incidental to the normal use of the courts in maintaining an action. *Id.* Plaintiff alleged that Defendants caused a summons to issue requiring him to defend an action,[8] the purpose of which was to pressure him with the stigma of a professional malpractice suit and to burden him with the time and cost of litigation, and with the intent to "harass, vexate, and extort" him. Close analysis shows that no overt acts of Defendants other than those incidental to the lawsuit were plead by Plaintiff. Having thus failed to meet the first element necessary to maintain an action for abuse of process, his pleadings are fatally defective.[9]

## B. MALICIOUS PROSECUTION

An overall analysis of Plaintiff's pleadings discloses that a cause of action sounding in malicious prosecution is stated, though not expressly alleged.[10] The law in Texas, however, is that no suit for damages for malicious prosecution will lie "unless the party sued suffers some interference, by [the] reason of the [original suit against him], with his person or property." *Pye v. Cardwell,* 110 Tex. 572, 222 S.W. 153 (1920); *Martin supra* note 1, at 767. "Interference with person or property" means actual physical detention of a person or seizure of his property. See *Moiel v. Sandlin,* 571 S.W.2d 567, 570–71 (Tex.Civ.App.—Corpus Christi, 1978, no writ) and cases cited therein. Malicious prosecution suits by physicians to recover for injuries to personal and professional reputation, personal humiliation, mental anguish and distress, damages to his professional practice and increases in insurance premiums have been held not to trigger the special damages requirement of "interference with person or property." *Butler v. Morgan,* 590 S.W.2d 543 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.); *Martin, supra* note 1; *Moiel, supra.* See also *Wolfe v. Arroyo,* 543 S.W.2d 11 (Tex.Civ.App.—San Antonio, 1976, no writ).

8. See, *Morris v. Blangger,* 423 S.W.2d 133 (Tex. Civ.App.—Austin 1968, writ ref'd n. r. e.) which held that where the only process issued was a citation and no allegations were made that there was any abuse in the execution of service of the process, no abuse of process was shown.

9. *Martin, supra* note 1, at 769, dictates that pleadings which do not suggest that an actual attempt to coerce a settlement occurred are insufficient. See also, *Gilford, supra,* at 31.

10. In order to maintain an action for malicious prosecution in Texas, Plaintiff must plead and prove that: 1) a civil judicial proceeding was previously filed; 2) the defendant in a malicious prosecution case caused the original suit to be filed; 3) the commencement of the original proceeding was malicious; 4) no probable cause existed for the filing of the original proceeding; 5) termination of the original suit in favor of the party prosecuting the later malicious prosecution action, and 6) damages conforming to the legal standards under Texas law. *Gilford, supra,* at 28; *Morris v. Taylor,* 353 S.W.2d 956, 958 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.), cert. denied 371 U.S. 842, 83 S.Ct. 71, 9 L.Ed.2d 78 (1962).

In the case at bar, Plaintiff has failed to allege any damages resulting from interference with his person or property. All damages alleged flowed, directly or indirectly,[11] from the fact that the original malpractice suit was filed. Absent such allegations, Plaintiff has failed to state a meritorious cause of action for damages resulting from malicious prosecution.

The Clerk shall send a copy of this Memorandum and Order to counsel for the parties.

DONE at Brownsville, Texas, this 16th day of February, 1981.

---

**11.** This included Plaintiff's allegations that he developed a peptic ulcer from the stress and anxiety he experienced from the filing of the malpractice suit. Since Plaintiff cannot recover for such stress and anxiety, *a fortiori* he cannot recover on this derivative claim.