Clara ST. CYR, Appellant,

v.

Roland ST. CYR, Individually and as the Executor of the Estate of Louis G. St. Cyr, Mark V. St. Cyr, Jacqueline St. Cyr, Jeanne Rymiller and the Estate of Louis G. St. Cyr, Appellees.

No. 09–87–180–CV.

Court of Appeals of Texas, Beaumont.

March 9, 1989.
Rehearing Denied March 30, 1989.

Russell D. Weaver and Allan D. Goldstein, Houston, for appellant.

Thomas C. Wright and John T. Byrd, Houston, for appellees.

OPINION

DIES, Chief Justice.

Plaintiffs below, Roland St. Cyr, Individually and as Executor for the Estate of Louis G. St. Cyr, Mark V. St. Cyr, Jacqueline St. Cyr, and Jeanne Rymiller, sued Clara St. Cyr, defendant below, to cancel a 1967 deed purportedly conveying to Clara certain property in Montgomery County, Texas. Plaintiffs are the children of Louis G. St. Cyr, deceased. Clara is Louis G. St. Cyr's second wife. Clara answered, *inter alia,* pleading that the children knew of the deed, and intentionally waited until after the death of their father before suing to prevent his testimony. Clara also counterclaimed for damages on the basis of malicious prosecution.

The case was submitted to a jury which made the following findings:

1. The children maliciously prosecuted Clara.

2. Clara was damaged as a result of the suit.

3. Damages were $30,000.00 in mental anguish and $26,844.65 in attorney's fees "or expenses" expended by Clara.

4. Clara should recover $10,000.00 as exemplary damages.

5. Failed to find that the children made a full and true disclosure to their attorney of all material facts within their knowledge.

6. Failed to find that the children acted in good faith and on the advice of their attorney in instituting the lawsuit.

7. Failed to find that the father spoke the following words: " 'If there is a deed it is forged.' "

In the judgment the court held, *inter alia,* "On the cause of action for malicious prosecution, the court has determined as a matter of law that the elements of damages found by the jury do not constitute interference with person or property as required by the law of the State of Texas. Consequently the court is of the view the judgment should be rendered in favor of Defendants and against the Plaintiff." From this judgment, Clara has perfected appeal to this court. While she has several points of error, they all boil down to the question of whether the trial court is correct or not.

■ Texas law requires special injury for malicious prosecution, that is, actual interference with the defendant's person (such as an arrest or detention) or property (such as an attachment, an appointment of receiver, a writ of replevin or an injunction). *Moiel v. Sandlin,* 571 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Martin v. Trevino,* 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). This means "actual physical detention of a person or seizure of his property." *Rodriguez v. Carroll,* 510 F.Supp. 547, 553 (S.D.Tex.1981), citing *Moiel v. Sandlin, supra.*

■ To be harassed and injured in one's property or feelings does not constitute malicious prosecution. *Louis v. Blalock,* 543 S.W.2d 715, 718–19 (Tex.Civ.App. —Amarillo 1976, writ ref'd n.r.e.). In the case we review, we have no evidence of the special injury required under Texas law to constitute malicious prosecution. Hence, we overrule all of Appellant's points of error and affirm the judgment of the trial court.

Affirmed.