**SHARIF–MUNIR–DAVIDSON DEVELOPMENT CORPORATION, et al., Appellants,**

v.

**Claude D. BELL, Jr., Appellee.**

**No. 05–89–01115–CV.**

Court of Appeals of Texas, Dallas.

April 10, 1990.

Rehearing Denied May 7, 1990.

Thaddeau Freeman, Arlington, for appellants.

John H. Hall, James K. Peden, III, P. Michael Jung, Strasburger & Price, Dallas, for appellee.

## OPINION

Before WHITHAM, ROWE and BAKER, JJ.

WHITHAM, Justice.

In a prior lawsuit, appellee, Claude D. Bell, Jr., as guardian of the person and estate of Claude D. Bell, Sr., sued, among others, the appellants, Sharif–Munir–Davidson Development Corporation, Sharif–Munir, Inc., Louay E. Sharif, Ramsey M. Munir and Ron K. Davidson (SMD), to void a sale of certain real estate owned by his father and ward, Claude D. Bell, Sr. The guardian lost that case. Thereafter, SMD brought the present case against Bell, Jr., individually, for malicious prosecution, abuse of process and economic duress. The trial court entered summary judgment in favor of Bell, Jr., and against SMD. The principal issue in this appeal centers on whether Bell, Jr., established as a matter of law the absence of at least one essential element of each of SMD's causes of action. We conclude that Bell, Jr., did so. Accordingly, we affirm.

### Background

The prior suit is described in this Court's opinion in *Bell v. Sharif–Munir–Davidson Development Corp.*, 738 S.W.2d 326 (Tex. App.—Dallas 1987, writ denied), affirming a summary judgment adverse to Bell, Jr. We refer the reader to our opinion in the prior action for an understanding of the factual background of the present case. In its fourth point of error, SMD contends that the trial court erred in granting the motion for summary judgment. SMD's first three points of error merely direct that contention as applicable to its claims for malicious prosecution, abuse of process and economic duress. For the reasons that follow, we disagree that the trial court erred in granting the motion for summary judgment. At oral argument, we learned that each of SMD's three claims is ground-

ed on no more than the filing of the prior lawsuit, the recording of lis pendens in the prior lawsuit and Bell, Jr.'s failure to prevail in the prior lawsuit. Thus, this appeal focuses upon Bell, Jr.'s right of access to the courts and his statutory right to advise one and all by lis pendens of the lawsuit he filed. We decline to deny Bell, Jr., access to the courts and to permit imposition of sanctions upon Bell, Jr., for exercising his right to file suit and notice of lis pendens.

We begin by repeating well-known rules governing the summary judgment practice. The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 415–16, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are well established. As mandated by the Supreme Court of Texas, they are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). It is not the purpose of the summary judgment rule to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). Moreover, when the defendant is the movant, as in the present case, we must be alert to additional rules controlling the summary judgment practice. The question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). Therefore, a defendant is entitled to a summary judgment if he establishes, as a matter of law, that at least one element of plaintiff's cause of action does not exist. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975); *Mayhew v. Town of Sunnyvale,* 774 S.W.2d 284, 286–87 (Tex.App. —Dallas 1989, writ requested).

### Malicious Prosecution

In its first point of error, SMD contends that the trial court erred in granting summary judgment as to SMD's claim of malicious prosecution and in finding as a matter of law that no questions of fact exist as to such claim. At the outset, we note the Supreme Court's observations regarding malicious prosecution. Many lawsuits and claims are asserted even though their validity is not absolute. The uncertainty of a dispute is often the reason that one resorts to the courthouse for a resolution. In analogous situations, the failure to prevail after the institution and prosecution of a suit is not regarded as malicious. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105, 107 (Tex.1984). One may not recover in an action for malicious prosecution because the opposing party was mistaken about the strength of a claim. *Sakowitz,* 669 S.W.2d at 107. It would be a strange doctrine indeed to hold that a person having a well grounded and justifiable belief of a right in or to property may be held liable in damages because of an assertion of such a right. *Sakowitz,* 669 S.W.2d at 107 (citing *Tidal Western Oil Corp. v. Shackelford,* 297 S.W. 279 [Tex.Civ.App.—Fort Worth 1927, writ ref'd]). To the extent that SMD contends that Bell, Jr.'s failure to prevail in his prior suit establishes malicious prosecution, we disagree. Instead, we conclude that Bell Jr.'s access to the judicial system must be protected even though his cause

was lost. We reach this conclusion because access to courts without fear of malicious prosecution actions outweighs the danger of interference in the affairs of others. *See Griffin v. Rowden,* 702 S.W.2d 692, 694 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Thus, we reach the focal question in this appeal—whether recording notice of lis pendens can constitute interference with property.

The rule in Texas denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suits, with his person or property. *Pye v. Cardwell,* 110 Tex. 572, 222 S.W. 153 (1920). Thus, Texas law requires special injury for malicious prosecution, that is, actual interference with the defendant's person (such as an arrest or detention) or property (such as an attachment, an appointment of receiver, a writ of replevin or an injunction). *St. Cyr v. St. Cyr,* 767 S.W.2d 258, 259 (Tex. App.—Beaumont 1989, n.w.h.) (citing *Moiel v. Sandlin,* 571 S.W.2d 567 [Tex.Civ.App.— Corpus Christi 1978, no writ], and *Martin v. Trevino,* 578 S.W.2d 763 [Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.]). This means "actual physical detention of a person or seizure of his property." *Rodriguez v. Carroll,* 510 F.Supp. 547, 553 (S.D. Tex.1981) (citing *Moiel,* 571 S.W.2d at 570–71); *St. Cyr,* 767 S.W.2d at 259. SMD argues that recording of notice of lis pendens pursuant to section 12.007 of the Texas Property Code constitutes actual interference with its property. In this connection, SMD tells us that its argument presents a case of first impression in Texas. Nevertheless, we note that in Texas special injury in the form of actual interference with the property means *actual seizure of the property. St. Cyr,* 767 S.W.2d at 259. We conclude that notice of lis pendens under section 12.007, however, does not involve actual seizure of the property. We reach this conclusion because section 12.007 affords no more than "a notice that the action is pending." Indeed, section 12.007 of the Texas Property Code authorizes recording a *notice* of lis pendens. The effect of a statutory lis pendens notice, while depending somewhat upon the terms of the authorizing statute, is to put those interested in a particular tract of land on inquiry as to the facts and issues involved in the suit or action concerned. *Griffin,* 702 S.W.2d at 694.[1] The filing of a notice of lis pendens is a part of the "judicial proceeding." Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged. *Rowden,* 702 S.W.2d at 694. An absolutely privileged communication is one for which, by reason of the occasion upon which it was made, no remedy exists. *See Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 110, 166 S.W.2d 909, 912 (1942); *Hughes v. Houston Northwest Medical Center, Inc.,* 680 S.W.2d 838, 843 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), *cert. denied,* 474 U.S. 1020, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985). We conclude, therefore, that recording of notice of lis pendens does not constitute actual interference with the property involved. We reach this conclusion because notice of lis pendens does not result in actual seizure of the property. Hence, we conclude that SMD failed to show the required special injury for malicious prosecution. We conclude further, therefore, that Bell, Jr., as defendant-movant for summary judgment has established as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of SMD's cause of action for malicious prosecution. We overrule SMD's first and fourth points of error.

### Abuse of Process

In its second point of error, SMD contends that the trial court erred in granting

---

1. SMD points to dire consequences that follow recording of notice of lis pendens. Those consequences, however, also follow actual or constructive notice of the pending lawsuit. *See* Tex.Prop.Code Ann. § 13.004 (Vernon 1984). Therefore, by SMD's reasoning, if a court clerk, in response to a telephone inquiry from a prospective purchaser, provided the information listed in section 12.007, then the clerk would actually interfere with SMD's property. We decline to treat the distribution of information as the actual seizure of property.

summary judgment as to SMD's claim of abuse of process and in finding as a matter of law no questions of fact exist as to such claim. Again SMD's contention is grounded on no more than the filing of the prior lawsuit and the recording of the notice of lis pendens. SMD's complaint is virtually the same as advanced under its first point of error pertaining to malicious prosecution. Indeed, SMD tells us in its brief that "[SMD] incorporate[s] here [its] argument, evidentiary citations, and authorities under point of error no. 1." Therefore, for the reasons expressed in our disposition of SMD's first point of error, we conclude that Bell, Jr., as defendant-movant for summary judgment, has established as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of SMD's cause of action for abuse of process. Hence, we conclude that the trial court did not err in granting Bell, Jr.'s motion for summary judgment. We overrule SMD's second and fourth points of error.

### Economic Duress

In its third point of error, SMD contends that the trial court erred in granting summary judgment as to SMD's claim of economic duress and in finding as a matter of law that no questions of fact exist as to such claim. Again, SMD's contention is grounded on no more than the filing of the prior lawsuit and the recording of the notice of lis pendens. Thus, SMD's complaint is again virtually the same as advanced under its first and second points of error pertaining to malicious prosecution and abuse of process. Indeed, SMD tells us in its brief that "[SMD] incorporate[s] here [its] argument, evidentiary citations, and authorities under point of error numbers 1 and 2." Therefore, for the reasons expressed in our disposition of SMD's first and second points of error, we conclude that Bell, Jr., as defendant-movant for summary judgment, has established as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of SMD's cause of action for economic duress. Hence, we conclude that the trial court did not err in

granting Bell, Jr.'s motion for summary judgment. We overrule SMD's third and fourth points of error.

Affirmed.