Jacob SAMPSON, Plaintiff,

v.

**VILLAGE DISCOUNT OUTLET, INC.,** William R. Stinnett, Jose Himanis, Said Azim, Matt Doe and Elba Roe, Defendants.

No. 93 C 1129.

United States District Court, N.D. Illinois, E.D.

Aug. 11, 1993.

Jacob Sampson, pro se.

Brian Wayne Steinbach, Ann L. Crane, Banta, Cox & Hennessy, Chicago, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendants Village Discount Outlet, Inc. ("Village Discount") and William Stinnett ("Stinnett") to dismiss the complaint filed by plaintiff Jacob Sampson ("Sampson"). For the following reasons, the motion is granted.

### FACTS

Sampson has filed a three-count complaint, alleging "racially motivated false arrest," "intimidation," and "company's racial policy." These claims are predicated upon unspecified violations of 42 U.S.C. §§ 1981, 1983, 1985(2) and (3), and 1986. Reviewing Sampson's complaint in a light most favorable to him, his claims appear to be as follows: (1) on October 30, 1992, defendants Jose Himanis ("Himanis"), Said Azim ("Azim"), and Elba Roe ("Roe"), employees of Village Discount, conspired to detain Sampson at Village Discount because of his Jewish faith; (2) Sampson suffered intimidation when he was told by defendant Roe that he would be crushed "like a worm" if he ever tried to complain about the October 30 incident; and (3) Stinnett, president of Village Discount, approved of his employees' misconduct, which indicates the existence of a racially motivated policy toward Jews by Village Discount. Sampson is silent regarding his own actions.

## DISCUSSION

■ On a motion to dismiss, all well-pleaded factual allegations are taken as true. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). All reasonable inferences to be drawn from those allegations are also accepted as true. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The complaint need not specify the correct legal theory nor point to the right statute. *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *Strauss v. Chicago,* 760 F.2d 765, 767 (7th Cir.1985). Furthermore, *pro se* complaints are to be liberally construed, and *pro se* civil rights complaints may be dismissed only "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson v. Civil Town of Clayton,* 839 F.2d 375, 378 (7th Cir.1988).

■ Although Sampson has filed the instant case *pro se,* he is no stranger to the practice of law. Since 1983 Sampson has filed eight complaints in the Northern District of Illinois, all *pro se,* all alleging violations of the Civil Rights Act, and all alleging animus based on Sampson's Jewishness.[1] Sampson's familiarity with civil procedure in the courts of this district is evidenced by a motion to withdraw filed by an attorney appointed by Judge Marovitz in one of Sampson's prior lawsuits. In his motion to withdraw, which was granted by Judge Marovitz, the attorney stated:

The plaintiff has proven himself to be a very intelligent and aggressive litigant, who is very familiar with civil procedure and methods of legal research, and who is personally engaged as a pro se litigant in several other cases in both the Northern District of Illinois and the Circuit Court of Cook County, Illinois. [The attorney believes] that the plaintiff is quite able, and indeed willing to look after his own interests as a pro se litigant.

Despite his apparent familiarity with the courts of this district, Sampson is nonetheless a *pro se* litigant. To the extent he has filed the instant suit based on facts which he has not previously litigated, his complaint shall be afforded the liberal construction guaranteed to less experienced *pro se* plaintiffs. Even liberally interpreted, however, Sampson's complaint fails to state a claim upon which relief can be granted by a federal court.

■ Sampson's first count alleges "racially motivated false arrest," in which Himanis, a security officer of Village Discount, "grabbed, pushed, bruised and handcuffed [Sampson], with profanity: 'I will show to you F ... Jew, who I am!' and kept [Sampson] locked to steel bars for about an hour, in the presence and incouragement [sic] of the store manager [Azim] and his assistant [Roe]. . . ." According to Sampson, the conduct of Himanis, Azim, and Roe "indicated a premeditated conspiracy to lure, intimidate and terrorize some customers, racially motivated," which purportedly forms an inchoate § 1981 violation.

Section 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

---

1. *Sampson v. Marovitz,* 88 C 5697 (Judge Hart) (42 U.S.C. § 1983) (all claims dismissed); *Sampson v. Koenig,* 87 C 10860 (Judge Nordberg) (42 U.S.C. §§ 1981, 1983, 1985 and 1986) (all claims dismissed); *Sampson v. Hamilton,* 86 C 2668 (Judge Conlon) (42 U.S.C. §§ 1981, 1983 and 1985) (not guilty verdict for three defendants and directed verdict for five defendants); *Sampson v. Washington Paint,* 85 C 1413 (Judge Marshall) (§§ 42 U.S.C. §§ 1981, 1983, 1985(2) and (3), and 1986) (all claims dismissed); *Sampson v.* *Stipek,* 84 C 7749 (Judge Plunkett) (42 U.S.C. § 1981, 1983, 1985(2) and (3), and 1986) (summary judgment in favor of defendants on all claims); *Sampson v. Weidell,* 84 C 6360 (Judge Marovitz) (42 U.S.C. §§ 1981, 1983, 1985, 1986, RICO, 14th Amendment) (eleven claims dismissed and summary judgment in favor of defendants on final claim); *Sampson v. Raskin,* 83 C 6369 (Judge Grady) (42 U.S.C. § 1985, 14th Amendment) (all claims dismissed).

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To demonstrate a violation of individual rights protected by § 1981, Sampson must show that he was unlawfully denied, by the defendants, one of the rights protected by this statute. Two rights are enumerated within § 1981: the right to enjoy the benefits and privileges of contractual relationships, together with all attendant characteristics thereof, and the right to enforce such contracts without impediment to judicial process. *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *see Runyon v. McCrary,* 427 U.S. 160, 195, n. 5, 96 S.Ct. 2586, 2606, n. 5, 49 L.Ed.2d 415 (1976) (dissenting opinion) (the grant of the rights "to sue," "be parties," and to "give evidence" accomplish nothing more than the removal of *legal* disabilities to sue, be a party, testify or enforce a contract); *McKnight v. General Motors Corp.,* 908 F.2d 104, 111–12 (7th Cir.1990) (section 1981 punishes "efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private entities, such as labor unions, in enforcing the terms of a contract"); *Bush v. Commonwealth Edison Co.,* 732 F.Supp. 895 (N.D.Ill. 1990), *aff'd,* 990 F.2d 928 (7th Cir.1993). Neither of these rights were allegedly violated by the defendants. Sampson has alleged that while in the Village Discount store he was wrongfully detained because he is Jewish. While this type of behavior, if true, is reprehensible, it is not actionable under § 1981. Sampson has not been denied, because of racial animus on the part of the defendants, the benefits of any laws or proceedings. Were the "equal benefits" clause of § 1981 to extend beyond the guaranty of legal redress for race-based contractual interferences, any legal wrong accompanied by a racial epithet would fall within the ambit of civil rights violations. The language of § 1981 does not support such an expansive interpretation.

 Furthermore, Sampson has not alleged any specific acts, practices or policies that sufficiently support his allegation that he was treated any differently than a "white citizen" because of his ethnicity. Sampson contends that he was illegally shackled to steel bars attached to the Village Discount store's wall by a security officer who said "I will show to you F . . . Jew, who I am!" Just as the occasional or sporadic use of racial slurs or epithets will not in and of themselves support an actionable claim under Title VII, the commission of an offense accompanied by a single racist remark will not sufficiently demonstrate that a racial animus was a motivating factor of the offense. *See Turner v. North American Rubber, Inc.,* 979 F.2d 55, 59 (5th Cir.1992) (stray comments related to age insufficient to establish discrimination). Further, the term "Jew" is not an opprobrium that stigmatizes Jewish people because of their ethnicity, and it is not a term that is circumspectly used in the presence of Jews. *cf. Hunter v. Allis–Chalmers Corp., Engine Division,* 797 F.2d 1417, 1423 (7th Cir.1986) (use of term "niggers" was sufficient to evidence racial attitudes); *cf. also, Kendall v. Block,* 821 F.2d 1142 (5th Cir.1987) (same); *Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ.,* 926 F.2d 505 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2917, 115 L.Ed.2d 1080 (1991) (same). Therefore, Sampson has failed to allege sufficiently the discriminatory intent required under § 1981.

 In addition to failing to state adequately a § 1981 cause of action, Sampson also fails to allege a 42 U.S.C. § 1983 action. Sampson's complaint discloses no state action involved in his alleged deprivation of his federal rights. Although Sampson's complaint refers to a "racially motivated false arrest," Sampson was not arrested by the police officers who arrived on the scene, and he does not allege such an arrest in his complaint. State action is an essential jurisdictional predicate under § 1983, and accordingly, if state action is not alleged and is found lacking, the complaint must be dismissed. *National Collegiate Athletic Association v. Tarkanian,* 488 U.S. 179, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Robinson v. Bergstrom,* 579 F.2d 401 (7th Cir.1978). According to Sampson's complaint, only private citizens purportedly acted

to deprive him of his rights. Therefore, all allegations arising under § 1983 must be dismissed.

■■■ Along with §§ 1981 and 1983, Sampson has also alleged violations arising under 42 U.S.C. 1985(2) and (3). Subsection (2) can be divided into two parts, the first part pertains to the administration of justice in the federal judicial system, and the second part relating to "conspiracies to obstruct the course of justice in state courts." 42 U.S.C. § 1985(2); *Kush v. Rutledge*, 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983). Section 1985(2) was intended to protect against direct violations of a party or witness' right to attend or testify in federal court. Therefore, in order to state a cause of action under the first part of § 1985(2), a plaintiff must allege a nexus between an alleged conspiracy and a federal court proceeding. *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir.), *cert. denied*, 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981). Sampson has failed to allege specifically that the defendants conspired to injure Sampson or any witness for having "attended or testified" in any court of the United States.

■■■ The second part of § 1985(2) relates to "conspiracies to obstruct the course of justice in state courts." *Kush*, 460 U.S. at 725, 103 S.Ct. at 1487. Thus, that portion of subsection (2) prescribes conspiracies to deny or interfere with equal protection rights. *See Bretz v. Kelman*, 773 F.2d 1026, 1029–30 (9th Cir.1985); *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1341 (7th Cir.1977). Sampson does not allege that the defendants conspired to obstruct any state judicial proceedings with the intent to deprive Sampson of equal protection of the laws. Therefore he has failed to state a claim under the second part of § 1985(2).

■■■ An additional basis for denying Sampson's claim under § 1985(2) is his failure to demonstrate the existence of a conspiratorial agreement between the defendants. Sampson is required to show that there was "a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences." *Lenard v. Argento*, 699 F.2d

874, 883 (7th Cir.1983). Sampson's sole allegation of a conspiracy is that Jose Himanis "kept the Plaintiff locked to steel bars attached to the wall, for about an hour, in the presence and incouragement [sic] of the store manager Said Azim and his assistant Ms. Elba Roe...." Although Sampson is pleading *pro se*, he nevertheless is required to allege some facts before his allegations of a conspiracy may be deemed to state a claim. *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980). Unsupported inferences and conclusions are insufficient to support a claim of conspiracy. *Simms v. Reiner*, 419 F.Supp. 468, 474 (N.D.Ill.1976). Sampson has failed to allege any factual basis suggesting the meeting of minds necessary to establish his conspiracy claim, and his mere conjecture that there has been a conspiracy is not enough to state a claim. *Tarkowski*, 644 F.2d at 1208.

■■■ Furthermore, Sampson's claim runs afoul of the rule of law announced in *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972), which held that "if the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or the act itself will normally not constitute the conspiracy contemplated by the [Civil Rights Act]." 459 F.2d at 196. Sampson claims that Village Discount, through its employees Himanis, Azim, and Roe, conspired to detain Sampson because of his race. Because Himanis, Azim, and Roe are deemed agents of Village Discount, and because a corporation cannot conspire with itself, the employee's actions cannot constitute a conspiracy. *Id.* Even if defendants Doe and Stinnett were included as part of the alleged conspiracy, the conspiracy allegation would still be insufficient because, according to the complaint, both Doe and Stinnett were acting as agents of Village Discount at the time of the alleged detainment. Consequently, because Sampson has essentially alleged that Village Discount, through its agents, committed a single act of discrimination, his allegations do not state a claim under § 1985(2).

■■■ Like § 1985(2), § 1985(3) also requires the existence of a conspiracy, and for the same reasons stated above, Sampson's

§ 1985(3) claim fails. Additionally, Sampson's § 1985(3) claim is substantively inadequate to state a claim. An allegation of state action is necessary to state a claim under § 1985(3) if "the federal right relied upon is one requiring an element of state action." *United Brotherhood of Carpenters and Joiners, Local 610 v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *Briscoe v. LaHue*, 663 F.2d 713, 723, n. 7 (7th Cir. 1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Sampson alleges he was denied rights guaranteed to him by the Fourth, Fifth, and Fourteenth Amendments to the Constitution. None of these Amendments apply to strictly private conduct, and Sampson has not alleged any state action. *Bloom v. Illinois*, 391 U.S. 194, 195, 88 S.Ct. 1477, 1478, 20 L.Ed.2d 522 (1968); *United States v. Shelby*, 573 F.2d 971, 974 (7th Cir.), *cert. denied*, 439 U.S. 841, 99 S.Ct. 132, 58 L.Ed.2d 139 (1978); *Dombrowski*, 459 F.2d at 196. Accordingly, all allegations arising under § 1985(3) must be dismissed.

Even if Sampson's claim included an allegation of state action, or was a type of § 1985 claim that extended to private conspiracies, *see Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (§ 1985(3) extended to private conspiracies involving violations of the Thirteenth Amendment and right to interstate travel), his claim would fail because it lacks a required element of a § 1985 cause of action: "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' actions." *Griffin*, 403 U.S. at 102, 91 S.Ct. at 1798. Sampson's sole allegation of animus toward those of Jewish faith is contained in the statement allegedly made by Himanis. This statement is insufficient to show there was class-based animus behind the detention of Sampson by the defendants. To the extent racial or class-based animus can be inferred from that sole statement, it cannot be attributable to any of the other defendants, particularly Doe and Stinnett, who were not even alleged to have been present at the time of the incident. Accordingly, the facts alleged in the complaint are insufficient to show that the conspiracy itself was directed at Sampson because of his religion and not for some other reason. *See,* *Rodriguez v. Carroll*, 510 F.Supp. 547, 552 (S.D.Tex.1981); *Hauptmann v. Wilentz*, 570 F.Supp. 351, 386 (D.N.J.1983), *cert. denied*, 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986). Because Sampson has failed to allege the requisite element of § 1985(3)—that there be a discriminatory animus behind the conspirators' actions—his § 1985(3) claims must be dismissed.

Section 1986, which provides that every person having knowledge that certain wrongs conspired to be done or about to be done, and having the power to prevent their commission neglects or refuses to do so, shall be liable to the party injured, is totally dependent upon § 1985 for vitality. *Grimes v. Smith*, 776 F.2d 1359 (7th Cir.1985). Because, as enumerated above, Sampson has not alleged a conspiracy actionable under § 1985, his § 1986 claim must also be dismissed.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is granted.

IT IS SO ORDERED.