**David C. WOLFE, Appellant,**

v.

**Richard C. ARROYO et al., Appellees.**

**No. 15647.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 13, 1976.

John Michael Doyle, Frank D. Johnson, Doyle & Johnson, San Antonio, for appellant.

Morton Baird, San Antonio, Richard C. Arroyo, Brownsville, for appellees.

BARROW, Chief Justice.

Appellant has perfected his appeal from a take-nothing summary judgment in his suit to recover damages from appellees, Robert R. Sanchez and Richard C. Arroyo, for filing a groundless and unfounded suit for medical malpractice against him. Dr. Richard Hernandez, Jr. was joined as a party defendant, but a non-suit was taken as to the claim against him.[1]

On July 31, 1974, Cause No. 74CI–5852, styled *Robert R. Sanchez vs. James F. Huff and David C. Wolfe*, was filed in the 150th District Court of Bexar County by attorney Arroyo on behalf of Sanchez. It was alleged that Dr. Wolfe committed certain acts of negligence in failing to properly diagnose and treat Sanchez for injuries he sustained in an accident. On January 27, 1975, a take-nothing summary judgment was entered in favor of Dr. Wolfe.

On June 13, 1975, Dr. Wolfe filed this suit wherein it was alleged that Sanchez and Arroyo knew or should have known that there existed no cause of action against Dr. Wolfe and yet these parties made allegations which they knew or should have known were untrue. It was alleged that Arroyo thereby showed that "he meant to obstruct the administration of justice, and bring the Court system of the State of Texas and County of Bexar into disrepute." It was further alleged that both parties "conspired to bring an unfounded claim with the fixed purpose to injure the Plaintiff, and that each of the Defendants foresaw the resulting damage to Plaintiff by filing said baseless action, [and] the filing of said unfounded claim was a proximate cause of the injury to the Plaintiff."

Dr. Wolfe alleged that he suffered mental trauma requiring treatment by a psychiatrist and preventing the performance of his duties as an orthopedic surgeon. Furthermore, his insurance premiums were increased as a result of the suit against him. He asserted that the filing of the baseless cause of action produced ridicule and embarrassment toward him by his peers and colleagues which would result in their refusal to refer patients to him. He sought pecuniary damages in the amount of $750,-000.00 for his embarrassment and probable loss of earnings in the future.

Sanchez and Arroyo urged by a motion for summary judgment that Dr. Wolfe had not asserted a cause of action under Texas law in that the Court, in *Pye v. Cardwell*, 110 Tex. 572, 222 S.W. 153 (1920), established the rule that the imposition of court costs is the sole penalty for wrongful prosecution of civil suits unless there has been a seizure of the person or property of the plaintiff. Appellant did not reply to the motion for summary judgment. The trial court concluded that no cause of action exists under Texas law as to the facts alleged against appellees and granted a take-nothing summary judgment.

Appellant urges on this appeal that he has alleged a cause of action against appellees for constructive contempt and for an invasion of privacy. He makes no complaint as to the trial court's implied finding that he has no cause of action for malicious prosecution and we make no determination regarding such implied finding.

■ Appellant's contention that he has alleged a cause of action for constructive

---

1. It was alleged that Dr. Hernandez "falsely, maliciously, knowingly and in reckless disregard of the truth, uttered and communicated defamatory statements and language which were distributed and circulated far and wide among [Dr. Wolfe's] fellow physicians, and others . . . and that as a direct and proximate result [he had] been seriously injured in his name, fame, reputation, and business, to his damage . . . ." in the sum of $250,-000.00.

contempt is based on the allegation that Arroyo meant to obstruct the administration of justice and bring the court system into disrepute by filing a groundless lawsuit. Civil contempt proceedings have been defined as those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for their benefit. *See Ex parte Wolters,* 64 Tex.Cr.R. 238, 144 S.W. 531 (1911). There is no allegation that Arroyo violated any order of the court in filing the suit. Appellant does not assert a cause of action for contempt by alleging that appellee filed a groundless suit.

In *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.1973), the Supreme Court held that an unwarranted invasion of the right of privacy constitutes a legal injury for which a remedy will be granted. The Court considered two definitions in adopting this rule.

The right of privacy has been defined as the right of an individual to be left alone, to live a life of seclusion, to be free from unwarranted publicity. 77 C.J.S. Right of Privacy § 1. A judicially approved definition of the right of privacy is that it is the right to be free from the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. 62 Am.Jur.2d, Privacy § 1, p. 677, and cases cited.

It has been suggested by Prosser, Privacy, 48 Calif.L.Rev. 383 (1960), that invasion of privacy is not one tort, but a complex of four torts tied together by a common name, but otherwise having almost nothing in common. These four torts are described as follows:

1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.

2. Public disclosure of embarrassing private facts about the plaintiff.

3. Publicity which places the plaintiff in a false light in the public eye.

4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

Texas courts have expressly recognized two of these types of invasion of privacy: intrusion, through wiretapping, was recognized as a valid cause of action in *Billings v. Atkinson, supra;* and appropriation, through the unauthorized exploitation of plaintiff's name and likeness for commercial purposes, was recognized in *Kimbrough v. Coca-Cola/USA,* 521 S.W.2d 719 (Tex.Civ. App.—Eastland 1975, writ ref'd n. r. e.). *See* Bacharach, The Privacy Action in Texas, 29 Sw.L.J. 928 (1975). We have not found a Texas case which has considered the other two types of invasion of privacy.

Appellant cannot recover in this suit for an alleged invasion of privacy. His complaint against appellees is based solely on their allegedly wrongful action in filing a groundless suit against him. While the question has never been considered in Texas in relation to a cause of action for invasion of privacy, it has been held in other jurisdictions that communications in judicial proceedings are absolutely privileged and are immune from an action for invasion of privacy. *Froelich v. Adair,* 213 Kan. 357, 516 P.2d 993 (1973). This absolute privilege for judicial proceedings has been recognized in Texas in other suits.[2] *Runge v. Franklin,* 72 Tex. 585, 10 S.W. 721 (1889); *Butler v. Lilly,* 533 S.W.2d 130 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ dism'd); *Kropp v. Prather,* 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *Bloom v. A. H. Robins Company,* 479 S.W.2d 780 (Tex. Civ.App.—Waco 1972, writ ref'd n. r. e.), *cert. denied,* 410 U.S. 983, 93 S.Ct. 1504, 36 L.Ed.2d 179 (1973). The trial court did not err in concluding that appellees are not liable for an invasion of privacy because of

---

2. Communications in judicial proceedings are privileged because of the overriding public interest in a free and independent court system.

the allegations contained in the suit filed against appellant.

The motion for summary judgment was supported by the affidavits of the two appellees. Appellant did not file a reply or controverting affidavit. He urges, however, that a fact issue is raised by the two affidavits in that both were made by interested parties. This contention overlooks the well-settled rule that the trial court was required to consider only the pleadings of the parties in determining that appellant had failed to allege a cause of action. We have used this test in concluding that the trial court did not err in granting the summary judgment.

The judgment is affirmed.