**George BLANTON, D.O., Appellant,**

v.

**Melvin MORGAN and Michael Volk, Individually and d/b/a Volk and Morgan, Appellees.**

No. 08–84–00161–CV.

Court of Appeals of Texas, El Paso.

Dec. 12, 1984.

Rehearing Denied Jan. 9, 1985.

John Grost, El Paso, for appellant.

John A. Langford, Collins, Langford & Pine, El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

In this case, a doctor, who successfully defended a medical malpractice case, seeks to recover damages from the attorneys who filed the suit against him and, according to his pleading, asserted a claim for punitive damages in an effort to extort a settlement. The trial court sustained the special exceptions to the doctor's pleading and dismissed the case for failure to state a cause of action. We affirm.

Plaintiff's Second Amended Original Petition alleged that on August 15, 1980, Dr. George Blanton was working in the Emergency Department at Providence Hospital when he answered a general call for help in the Intensive Care Unit. He alleges he performed appropriate lifesaving measures on Carlos Barraza, who was resuscitated, but through no fault of Dr. Blanton, left in a permanent vegetative state.

The petition further alleges that he was sued by Appellees and after he refused to enter into any settlement negotiations Appellees filed an amended petition seeking $10,000,000.00 in punitive damages from Dr. Blanton. He also alleges that the demand for punitive damages was filed after all discovery was complete and when the attorneys knew or should have known that the action for punitive damages was not warranted. The petition alleges the claim for punitive damages was used to try to extort a settlement and then just before trial began, said attorneys dropped their demand for punitive damages rather than assert that claim before a jury. It was contended that this was an abuse of process and malicious prosecution.

■ It is asserted in two points of error that the trial court erred in dismissing Appellant's pleading because a cause of action was stated for abuse of process and malicious prosecution. For purposes of appeal we assume that the pleading, to which an exception has been sustained, is true. Therefore, our decision must be based upon a determination, for purposes of this appeal, that these attorneys did file the amended pleading seeking punitive damages in order to attempt to extort a settlement from the Appellant.

Within the last few years, several suits have been filed in Texas by doctors seeking to recover damages from patients and their attorneys as a result of prior malpractice suits. Regardless of the cause of action alleged, all have been unsuccessful. *Butler v. Morgan*, 590 S.W.2d 543 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Moiel v. Sandlin*, 571 S.W.2d 567 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Martin v. Trevino*, 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Wolfe v. Arroyo*, 543 S.W.2d 11 (Tex.Civ.App.—San Antonio 1976, no writ). With the proliferation of malpractice suits against doctors in recent years, there has been a corresponding increase in suits by doctors against patients and attorneys. Medical Malpractice Countersuits, 84 A.L.R.3d 555 (1978). The results reached by the Texas courts are certainly consistent with the holding in similar cases from other jurisdictions. See: J. Rawson, Wong v. Tabor: The Latest Word in Physician-Attorney Countersuits, 17 Valparaiso Univ.L.Rev. 755 (1983) and S. Birnbaum, Physicians Counterattack: Liability of Lawyers for Instituting Unjustified Medical Malpractice Actions, 45 Fordham L.Rev. 1003 (1977).

In order to recover for abuse of process, a party must plead and prove: (1) that the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) that damage resulted to the plaintiff as a result of such illegal act. *Martin v. Trevino*, supra; *J.C. Penney Company v. Gilford*, 422 S.W.2d 25 (Tex. Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). It is generally agreed that to constitute an abuse of process the process must have been used to accomplish some end which is beyond the purview of the process and which compels a party to do some collateral thing which he could not be compelled to do. *Martin v. Trevino, supra;* 45 Fordham L.Rev. 1003 at 1037.

In this case, process was used for its intended purpose to require Dr. Blanton to answer the original petition. And the only complaint of Appellant relates not to that pleading but to an amended pleading which for the first time asserted a claim for punitive damages. Accepting all of Appellant's pleading as true, there is no cause of action stated for abuse of process. *Tandy Corporation v. McGregor*, 527 S.W.2d 246 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.); *Morris v. Blangger*, 423 S.W.2d 133 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); *Blackstock v. Tatum*, 396 S.W.2d 463 (Tex.Civ.App.—Houston 1965, no writ). Even if we assume that the amended pleading was maliciously filed, Dr. Blanton's suit is fatally defective because it fails to allege an improper use of the process. *Martin v. Trevino, supra.* Point of Error No. One is overruled.

In order to maintain an action for malicious prosecution, a party must allege and prove: (1) a civil judicial proceeding was previously filed; (2) the defendant in the malicious prosecution case caused the original suit to be filed; (3) the commencement of the original proceeding was malicious; (4) no probable cause existed for the filing of the original proceeding; (5) termi-nation of the original suit in favor of the party prosecuting the later malicious prosecution action, and (6) damages conforming to the legal standards under Texas law. *Martin v. Trevino*, supra. Texas follows the minority rule that damages cannot be recovered unless the party sued suffers some interference, by reason of the suit, with his person or property. *Butler v. Morgan*, supra; *Martin v. Trevino*, supra; 17 Valparaiso Univ.L.Rev. 755 at 758; 45 Fordham L.Rev. 1003 at 1021–1022.

"A pleading which does not allege some interference with the complainant's person or property fails to state a cause of action for malicious prosecution and is fatally defective." *Martin v. Trevino*, supra. In our case, Dr. Blanton alleges only damages that might be claimed by any party named in a civil suit. There is no allegation of interference with his person or property. In the *Martin* case, the court rejected an argument that this rule is outmoded and should be abolished. The court noted that "[t]he special damage rule was initially adopted by our Supreme Court for policy reasons to assure every potential litigant free and open access to the judicial system without fear of a countersuit for malicious prosecution." The earliest cases which applied the rule in Texas are set forth in the opinion in *Butler v. Morgan*, supra. Point of Error No. Two is overruled.

We recognize a need for some type of cause of action for damages sustained by a professional person as a result of a malicious malpractice case where the action only seeks to extort a settlement without any probable cause to believe the cause of action being asserted is valid. See: Restatement of the Law, 2d, Torts 2d sec. 674, entitled "Wrongful Use of Civil Proceedings" and Prosser and Keeton, The Law of Torts sec. 120, Wrongful Civil Proceedings, Fifth Ed. (1984). The Texas legislature recognized the need to discourage "bad faith" malpractice suits when it passed Article 4590i, sec. 8, Tex.Rev.Civ.Stat. But, that cause of action was made contingent upon the State Bar of Texas eliminating such suits by provisions in the ethical stan-

dards by which attorneys are to conduct themselves. Unfortunately, those who suffer damages as a result of a breach of the Code of Professional Responsibility have no cause of action for such breach.[1] *Martin v. Trevino,* supra; 45 Fordham L.Rev. 1003 at 1074, et seq. Other more innovative theories of recovery include prima facie tort. 45 Fordham L.Rev. 1003 at 1051, et seq. This cause of action has been broadly defined as the infliction of intentional harm resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful. *Drago v. Buonagurio,* 61 App.Div.2d 282, 402 N.Y.S.2d 250 (Sup.Ct., App.Div.3d 1978); *Ruza v. Ruza,* 1 A.D.2d 669, 146 N.Y.S.2d 808 (Sup.Ct., App.Div.1st 1955). One author has suggested that this theory of recovery could provide an effective remedy for the wrongful institution of an unjustified malpractice suit in those jurisdictions, such as Texas, that adhere to the minority rule requiring proof of special injury in malicious prosecution actions. 45 Fordham L.Rev. at 1057–1058. But, even this theory was rejected in *Martin v. Trevino,* supra, although certainly on different pleadings than are now before us in this case. Since that theory has not been alleged, we need not attempt to apply it to the pleading in this case.

The judgment of the trial court is affirmed.

---

1. Article 12, sec. 8, DR7–102, Tex.Rev.Civ.Stat. Ann. (Vernon 1973) provides:

   (A) In his representation of a client, a lawyer shall not:

   (1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.