I. Richard TORANTO, M.D., Appellant,

v.

Nancy WALL and Larry Cain, Appellees.

No. 06–94–00045–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 7, 1994.

Decided Dec. 15, 1994.

**4** ■ 

James A. Williams, Bailey & Williams, Dallas, for appellant.

Larry Cain, Sherman, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Dr. I. Richard Toranto, the plaintiff below, appeals the granting of the defendants' (Nancy Wall and Larry Cain) motion for summary judgment dismissing his case. Toranto contends (1) that the trial court erred in granting the defendants' motion for summary judgment based on Toranto's failure to state a cause of action, (2) that the trial court erred in granting the defendants' motion for summary judgment based on the one-year statute of limitations contained in TEX.CIV. PRAC. & REM.CODE ANN. § 16.002 as it is not applicable, and (3) that the trial court erred in granting the defendants' motion for summary judgment based on the two-year statute of limitations contained in TEX.CIV.PRAC. & REM.CODE ANN. § 16.003.

Wall, represented by her attorney Cain, filed suit against Dr. P.T. Swamy alleging medical malpractice. Wall then sought medical attention from Toranto. Wall and Cain allege that Toranto contacted Swamy and discussed the case, offering his "helping hand" to Swamy in the litigation.

Wall, represented by her attorney Cain, later filed suit against Toranto alleging that Toranto provided privileged or confidential information to Swamy's defense attorneys. Summary judgment was granted in Toranto's favor.

Toranto then filed suit against Cain and Wall alleging civil malicious prosecution and negligence. In response, Cain and Wall then filed a motion for summary judgment alleging failure to state a claim and that the suit was barred by the applicable statute of limitations, TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.002, 16.003 (Vernon 1986). The motion for summary judgment was granted.

■ The basis of a motion for summary judgment is that no genuine issue exists for any material fact and that the movant is entitled to summary judgment as a matter of law. TEX.R.CIV.P. 166a(c). In *Nixon v. Mr. Property Management*, the Supreme Court determined (1) that the movant for summary judgment had the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law, (2) that in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and (3) that every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his or her favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). When the motion for summary judgment alleges more than one basis of support and the order granting the motion is silent as to the reason for granting the motion, the appellant must show that each independent ground alleged in the motion is insufficient to support summary judgment, and the summary judgment must be affirmed if any of the theories is meritorious. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Valles v. Texas Commission on Jail Standards*, 845 S.W.2d 284, 287 (Tex.App.—Austin 1992, writ denied).

Toranto first contends that the trial court erred in granting the defendants' motion for summary judgment based on Toranto's failure to state a cause of action. Toranto alleged the elements of malicious prosecution

in his petition and generally asserted a claim for negligence. Wall and Cain moved for summary judgment arguing that Toranto failed to state a claim for malicious prosecution. In Toranto's reply to the motion for summary judgment, he contends that Wall and Cain are not entitled to a judgment as a matter of law on malicious prosecution. He urges this Court to accept a new cause of action allowing a counterclaim against suits for malpractice not based on probable cause. Toranto appeals alleging that summary judgment should not be granted on malicious prosecution and urges the court to recognize a new cause of action for these facts.

■ The negligence theory of recovery is not before this Court, as Toranto assigned no error to that issue. The nonmovant must assign as error the failure of the movant's motion for summary judgment to address all the causes of action alleged. *Uribe v. Houston Gen. Ins. Co.*, 849 S.W.2d 447 (Tex. App.—San Antonio 1993, no writ). Negligence as an independent cause of action might be a viable theory of recovery; however, because Toranto makes no mention of this in his brief, we do not address that issue.

■ This Court is presented with the issue of whether Toranto's petition stated a claim for malicious prosecution. In their motion for summary judgment, Wall and Cain contend that Toranto failed to state a claim for malicious prosecution because the damages required under the cause of action were not alleged by Toranto in his petition. Therefore, under this theory of recovery, we need only decide if the proper damages were alleged by Toranto, thereby precluding summary judgment.

■ Wall and Cain contend that to bring a cause of action for malicious prosecution, Toranto must allege and prove special damages which are an interference with his person or his property. *Blanton v. Morgan*, 681 S.W.2d 876, 878 (Tex.App.—El Paso 1984, writ ref'd n.r.e.); *Martin v. Trevino*, 578 S.W.2d 763 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). A pleading which does not allege some interference with

the complainant's person or property fails to state a cause of action for malicious prosecution and is fatally defective. *Blanton*, 681 S.W.2d at 878; *Martin*, 578 S.W.2d 763. Texas and other jurisdictions adhering to the special injury requirement in malicious prosecution actions have required actual interference with the defendant's person (such as an attachment or detention) or property (such as an attachment, an appointment of a receiver, a writ of replevin, or an injunction). *Moiel v. Sandlin*, 571 S.W.2d 567, 570 (Tex. Civ.App.—Corpus Christi 1978, no writ). The damages which might be claimed by any party named in a lawsuit are not allegations of interference with his person or property. *Blanton*, 681 S.W.2d at 878. In *Martin*, a doctor alleged damages of litigation expenses and professional defamatory-type damages, which the court found did not meet the special damages requirement for malicious prosecution.[1] *Martin*, 578 S.W.2d at 767. In *Moiel*, the court determined that an increase in a doctor's professional liability insurance did not qualify as special damages. *Moiel*, 571 S.W.2d at 570.

In the case at bar, Toranto pleads that as a result of Wall's lawsuit, he has suffered damages of significant expenses and attorney's fees, mental anguish, and diversion of time and effort from his medical practice. This does not represent an interference with his person or property. Rather, this represents the damages which might be claimed by any party named in a lawsuit. Therefore, this does not meet the special damages requirement.

■ Toranto requests that we recognize a new cause of action for this set of facts. Toranto presents the arguments put forward in *Blanton* in which the court stated:

> We recognize a need for some type of cause of action for damages sustained by a professional person as a result of a malicious malpractice case where the action only seeks to extort a settlement without any probable cause to believe the cause of action being asserted is valid.

---

1. Any communication, oral or written, uttered or published in the due course of a judicial proceeding is an absolutely privileged communication, therefore, it cannot constitute the basis of a civil action for libel or slander. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942).

*Blanton,* 681 S.W.2d at 878. The opinion indicates that the Texas Legislature has recognized a need to discourage this type of litigation because it passed TEX.REV.CIV.STAT. ANN. art. 4590i, § 8. The statute created this type of cause of action only if the State Bar of Texas had failed to adopt rules for appropriate disciplinary measures against an attorney who has been determined to have filed a claim in bad faith. TEX.REV.CIV.STAT. ANN. art. 4590i, § 8.[2] The State Bar of Texas, however, did modify its ethical standards. *See Blanton,* 681 S.W.2d at 878–79. Therefore this cause of action was never instituted.

Toranto contends that the RESTATEMENT (SECOND) OF TORTS § 674 (1977) provides for just such a recovery with the elements: (1) that the proceedings were initiated without probable cause to believe that the claim asserted might be held valid, (2) that the proceedings were initiated for a purpose other than that of securing proper adjudication of a claim, and (3) that the proceedings have been terminated in his favor. *Id.*

The special damages rule was initially adopted by our Supreme Court to assure every potential litigant free and open access to the judicial system without fear of a countersuit for malicious prosecution. *Blanton,* 681 S.W.2d at 878. Other arguments against such a cause of action are that it would create a never-ending series of litigation and that the cause of action would have a chilling effect on good faith claims for medical malpractice.

■ In his second point of error, Toranto contends that the trial court erred in granting the defendants' motion for summary judgment based on the one-year statute of limitations contained in Section 16.002 of the Texas Civil Practice and Remedies Code because it is inapplicable. The provision states, "A person must bring suit for malicious prosecution, . . . not later than one year after the day the cause of action accrues." Toranto argues that this section only applies to criminal malicious prosecution and does not apply to civil malicious prosecution, but that Section 16.003 applies. A dusty law from the law library contains a long-forgotten case which opines that the term "malicious prose-

cution," as used in TEX.CIV.STAT. art. 3202 (1879) (now TEX.CIV.PRAC. & REM.CODE ANN. § 16.002) refers to criminal proceeding, and does not apply to malicious prosecution based on a civil action. *Bear Bros. & Hirsch v. Marx & Kempner,* 63 Tex. 298, 301 (1885). The case goes on to state that a two-year statute of limitations as described in TEX.CIV. STAT. art. 3203 (1879) (now TEX.CIV.PRAC. & REM.CODE ANN. § 16.003) is applicable. In the absence of any contrary authority, the two-year statute of limitations described in Section 16.003 controls.

■ In his third point of error, Toranto contends that the trial court erred in granting the defendants' motion for summary judgment based on the two-year statute of limitations contained in Section 16.003. A cause of action for malicious prosecution accrues from the time the underlying prosecution or civil suit ends. *Dallas Joint Stock Land Bank of Dallas v. Britton,* 114 S.W.2d 907, 909 (Tex.Civ.App.—Waco 1938), *rev'd on other grounds,* 134 Tex. 529, 135 S.W.2d 981 (1940); *Sullivan v. O'Brien,* 85 S.W.2d 1106, 1115 (Tex.Civ.App.—San Antonio 1935, writ ref'd). The termination of the prior suit in favor of the plaintiff in the malicious prosecution suit is an essential element of the cause of action. *McHenry v. Tom Thumb Page Drug Stores,* 696 S.W.2d 664, 666 (Tex. App.—Dallas 1985, writ dism'd).

In the underlying case, the summary judgment was granted on February 8, 1991. It became a final judgment thirty days later, at the end of the trial court's plenary power, on March 10, 1991. The cause of action for malicious prosecution, therefore, would be barred by the statute of limitations provided in Section 16.003, on March 10, 1993. This case was filed on August 26, 1992, well within the two-year statute of limitations. Therefore, the trial court would have erred in granting the motion for summary judgment on the basis of the running of the statute of limitations.

Though the trial court's granting of the summary judgment is not supportable on the basis of the running of the statute of limitations, the trial court was justified in granting

---

**2.** Act of June 16, 1977, 65th Leg., ch. 817, 1977 Tex.Gen.Laws 2039.

the motion for summary judgment based upon Toranto's failure to state a claim.

The judgment of the trial court is affirmed.