# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MICHAEL RICARDO MARTIN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 13-C-2745        Steve R. Dozier, Judge**

---

**No. M2013-02074-CCA-R3-HC - Filed February 6, 2014**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Michael Ricardo Martin, appeals the trial court's dismissal of his petition for habeas corpus. On appeal, the Petitioner contends that his petition was erroneously transferred to the Criminal Court for Davidson County without a judgment entered, and, thus, the Petitioner was deprived of his right to object to the transfer. Upon a review of the record, we agree that the lower court was correct that the Petitioner is not entitled to relief. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Michael R. Martin, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Victor S. Johnson, III, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion

# I. Procedural History

On April 4, 2003, the Petitioner was found guilty of one count of rape and one count of sexual battery, and the trial court sentenced him to ten years in the Tennessee Department of Correction. His convictions and sentences were affirmed by this Court on appeal, and our Supreme Court denied his application for permission to appeal. *See State v. Michael Ricardo Martin*, No. M2004-00455-CCA-R3-CD, 2005 WL 1521973, at *1 (Tenn. Crim. App. June 24, 2005), *perm. app. denied* (Tenn. Dec. 5, 2005). The Petitioner, *pro se*, filed a timely petition for post-conviction relief on January 31, 2006. The post-conviction court appointed counsel, held a hearing, and dismissed the petition on June 2, 2006. The Petitioner appealed to this Court, and we affirmed the post-conviction court's dismissal. *Michael R. Martin v. State*, No. M2006-01371-CCA-R3-PC, 2007 WL 1628869, at *4 (Tenn. Crim. App., at Nashville, June 6, 2007), *perm. app. denied* (Tenn. Sept. 17, 2007).

On July 8, 2013, the Petitioner filed a petition for a writ of habeas corpus in the Sixth Circuit Court for Davidson County, asserting that he was being illegally deprived of his liberty on the grounds that he was being required to comply with the terms of lifetime community supervision, which the trial court had failed to indicate on the judgment of conviction form. On July 15, 2013, the case was transferred to the Criminal Court of Davidson County (hereinafter referred to as "the habeas court"). The Petitioner filed two motions objecting to the transfer, on July 29, 2013, and August 1, 2013. The habeas court entered an order denying the Petitioner's "objection to transfer" on August 12, 2013, concluding that the case was properly transferred to the Criminal Court of Davidson County on the basis that it was "the convicting court of the [P]etitioner." On August 14, 2013, the habeas court entered an order summarily dismissing the Petitioner's petition, finding that the Petitioner was required by statute to comply with lifetime supervision, and attaching an amended judgment reflecting the correction. It is from that judgment that the Petitioner now appeals.

---

would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

. . .

Tenn. Ct. Crim. App. R. 20.

## II. Analysis

On appeal, the Petitioner contends that the habeas court was without jurisdiction to "enter an (sic) judgment or to deny the petition for habeas corpus because the Circuit Court transferred the petition without entering a judgment on the petition filed before it, and without first giving the [P]etitioner the opportunity to exercise his right to object to such transfer." The State responds that the Petitioner has cited no law supporting his argument that the transfer of his petition was in error. The State further contends that the Davidson County Criminal Court had the proper jurisdiction to consider the Petitioner's petition for a writ of habeas corpus, on the basis that it was "the court 'most convenient in point of distance' to the [P]etitioner and it is also the convicting court," citing Tennessee Code Annotated section 29-21-105 and *State v. Bronson*, 172 S.W.3d 600 (Tenn. Crim. App. 2004). The State asks this Court to affirm the lower court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101-130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d

619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. It is also permissible for a habeas corpus court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

In the present case, we conclude that the habeas court did not err when it dismissed the Petitioner's petition for habeas corpus relief. The Petitioner was convicted of rape, an offense which requires community supervision for life, pursuant to Tennessee Code Annotated section 39-13-524 (stating that "any person who commits a violation of . . . § 39-13-503 . . ., shall receive a sentence of community supervision for life.") We recognize that the Petitioner presented to the habeas court a judgment that did not reflect his lifetime community supervision requirement. This Court has held that a "failure to include the community supervision for life provision []" results in an illegal sentence. *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2004). "An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time." *Id.* at 602 (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). Furthermore, in accordance with *Bronson*, the convicting court can properly amend the judgment to include the supervision requirement. As such, we conclude that, as the Petitioner's judgment was amended to include the community supervision for life requirement, it is not void. *See Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *3-4 (Tenn. Crim. App., Nashville, Aug. 19, 2009), *perm. app. denied,* (Tenn. Feb. 22, 2010) (stating that "as corrected, Petitioner's sentence is not illegal"); *see also Nicholas Shane Brewer v. State*, No. M2009-02522-CCA-R3-HC, 2010 WL 2867131, at *2 (Tenn. Crim. App., at Nashville, July 22, 2010), *no Tenn. R. App. P. 11 application filed*. The Petitioner is, therefore, not entitled to habeas corpus relief.

We also note that the habeas court did not err when it denied the Petitioner's "objection to transfer" of his petition to the Davidson County Criminal Court. Such transfer was proper pursuant to the procedural requirements of habeas corpus relief. *See* T.C.A. § 29-21-105 (stating that applications for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge").

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that

4

the trial court properly dismissed the Petitioner's petition for habeas corpus relief.  The trial court's judgment is, therefore, affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE