# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00305-CV

---

**Human Power of N Company, Appellant**

**v.**

**Anthony Turturro, Appellee**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-001896, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Human Power of N Company (HumanN) appeals from the trial court's denial of its motion to dismiss filed under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.003, .005. By its TCPA motion, HumanN sought to dismiss with prejudice the malicious-prosecution and abuse-of-process counterclaims of Anthony Turturro and obtain an award of attorney's fees, costs, and sanctions. *See id.* § 27.009. For the following reasons, we reverse the trial court's denial of the TCPA motion, render judgment dismissing Turturro's counterclaims, and remand for a determination of attorney's fees, costs, and sanctions to which HumanN is entitled.

## BACKGROUND

HumanN is a Texas entity engaged in the business of developing, formulating, manufacturing, and marketing a line of functional foods and nutritional supplements. HumanN

hired Turturro in 2013 to develop its sports business and retail business.[1] The relationship soured, and in 2018 Turturro left HumanN's employ and allegedly started his own company and began diverting to himself HumanN's online Amazon sales made through a HumanN wholesaler.

In April 2023, HumanN filed the underlying lawsuit against Turturro, alleging breach of an employment agreement, fraud, breach of fiduciary duty, and unjust enrichment. Concurrently, HumanN pursued claims against its former Chief Science Officer and co-founder, Dr. Nathan Bryan, in federal court (the Federal Litigation). Turturro answered, raised a statute-of-limitations defense, and filed counterclaims for abuse of process and malicious prosecution. HumanN filed a TCPA motion seeking to dismiss both counterclaims. Thereafter, Turturro filed an amended counterclaim, omitting the malicious-prosecution counterclaim. After a hearing, the trial court denied HumanN's TCPA motion, and HumanN timely perfected this interlocutory appeal.

**DISCUSSION**

In four issues, HumanN argues that the trial court erred in denying its TCPA motion because (1) the TCPA applies to Turturro's counterclaims, which are based on or in response to its exercise of the right to petition, *see id.* § 27.003(a); (2) neither of the exemptions that Turturro invoked apply to his counterclaims, *see id.* § 27.010(a)(5), (12); (3) Turturro did not meet his burden of establishing by clear and specific evidence a prima facie case for each essential element of either counterclaim, *see id.* § 27.005(c); and (4) even if Turturro is correct that HumanN's unjust-enrichment claim is barred by the statute of limitations, such bar does not prevent HumanN

---

[1] Turturro's mother, AnnMarie Kocher, and step-father, Joel Kocher, are the President and CEO, respectively, of HumanN.

from invoking the TCPA's protections as to its other claims. In its fifth and final issue, HumanN contends that it is entitled to an award of attorney's fees and court costs incurred in defending against both of Turturro's counterclaims, plus sanctions, even though he abandoned one of the counterclaims before the trial court ruled on the TCPA motion. *See id.* § 27.009.

We review a trial court's ruling on a TCPA dismissal motion de novo. *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 182 (Tex. App.—Austin 2020, no pet.). A court undertakes a three-step analysis when reviewing a TCPA motion to dismiss. *Id.* at 181–82. First, the movant bears the initial burden of demonstrating that the nonmovant's "legal action" is "based on or is in response to" the movant's exercise of the right of free speech, petition, or association. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). A "legal action" is "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." *Id.* § 27.001(6). If the movant meets their burden of showing that the TCPA applies, then the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant satisfies their burden of presenting a prima facie case, then the burden shifts back to the movant "to prove each essential element of a valid defense to the nonmovant's claim by a preponderance of the evidence." *RigUp*, 613 S.W.3d at 181–82 (citing Tex. Civ. Prac. & Rem. Code § 27.005(d)). Non-moving parties may avoid these burden-shifting requirements by showing that a TCPA exemption applies. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018) (noting that if TCPA exemption applies, movant "cannot invoke TCPA's protections"); *see* Tex. Civ. Prac. & Rem. Code § 27.010 (TCPA exemptions).

When ruling on a TCPA motion, the trial court must consider the pleadings, evidence that could be considered at summary judgment, and any supporting and opposing

3

affidavits, in the light most favorable to the nonmovant. Tex. Civ. Prac. & Rem. Code § 27.006(a); *see also RigUp*, 613 S.W.3d at 182. If a legal action is dismissed under the TCPA, the trial court must award court costs and reasonable attorney's fees to the moving party and may impose sanctions on the party bringing the legal action that the court determines are sufficient to deter the party from bringing similar actions. Tex. Civ. Prac. & Rem. Code § 27.009(a).

HumanN contended in its TCPA motion that the TCPA applies because Turturro's counterclaims, which constitute "legal actions," *see id.* § 27.001(6), are "based on or in response to" its exercise of the right to petition. *See id.* § 27.003(a), .005(b)(1)(B). The "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." *Id.* § 27.001(4)(A)(i). "Communication" is defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

The relevant factual assertions underlying Turturro's original counterclaims are that HumanN (through its President, AnnMarie Kocher) "filed a declaration" and other motions seeking to prevent him from testifying (in the Federal Litigation) and "filed" this lawsuit. Turturro claimed that those court filings are "defamatory," "unsubstantiated," "untrue," and "intended to intimidate, harass, and silence [him]" and that such intention is evidenced by HumanN's failing to respond to his request to exercise his stock options. By definition, the challenged actions—the filing of the declaration and motions in the Federal Litigation and the filing of this lawsuit— constitute TCPA "communications" and the exercise of the right to petition. *See id.* § 27.001(1), (4)(A)(i); *Hanna v. Williams*, 681 S.W.3d 416, 424 (Tex. App.—Austin 2023, pet. denied) (noting that court filings are TCPA "communications"). Furthermore, Turturro's counterclaims are factually predicated upon, based on, and in response to those alleged communications by directly

4

challenging the content of and motivation behind them. *See Hanna*, 681 S.W.3d at 424 (noting that if court filings' content or communicative nature constitute "a main ingredient" or "fundamental part" of non-movant's claims, such claims are "based on or in response to" those filings). The TCPA, therefore, applies to Turturro's counterclaims, and we accordingly sustain HumanN's first issue.

Because Turturro contended in his response to HumanN's TCPA motion that two exemptions apply, we consider those next. *See* Tex. Civ. Prac. & Rem. Code § 27.010 ("Exemptions"); *Molina Healthcare, Inc. v. State ex rel. Thurmond*, No. 03-20-00077-CV, 2020 WL 7233609, at *2 (Tex. App.—Austin Dec. 9, 2020, pet. denied) (mem. op.). A non-movant has the burden to prove that a statutory exemption from application of the TCPA applies, and we review de novo a trial court's determination regarding the applicability of a TCPA exemption. *See Hanna*, 681 S.W.3d at 422.

The first exemption on which Turturro relies is for "a legal action arising from an officer-director, employee-employer, or independent contractor relationship that: (A) seeks recovery for misappropriation of trade secrets or corporate opportunities; or (B) seeks to enforce a non-disparagement agreement or a covenant not to compete." Tex. Civ. Prac. & Rem. Code § 27.010(a)(5). The second exemption is for "a legal action based on a common law fraud claim." *Id.* § 27.010(a)(12). Before we determine whether each of these exemptions applies to the facts alleged here, however, we must clarify that the "legal actions" under scrutiny for the exemption analysis are *Turturro's counterclaims*, not HumanN's claims or the lawsuit generally. *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 282 (Tex. App.—Tyler 2021, pet. denied) (holding that courts must examine each TCPA exemption on "cause of action by cause of action basis within the context of the entire lawsuit that otherwise falls within the TCPA"); *see*

5

*also Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 122 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("Dismissal under the TCPA is determined not by the action as a whole but on a claim-by-claim basis."); *KB Home Lone Star Inc. v. Gordon*, 629 S.W.3d 649, 657–58 (Tex. App.—San Antonio 2021, no pet.) (rejecting argument that because DTPA exemption applied to DTPA claim, it exempted all other claims due to broad definition of "legal action"). We reject Turturro's assertion that his counterclaims are exempted from the TCPA because they respond to HumanN's claims—which either arise from the type of relationship described in the first cited exemption or are based on fraud as noted in the second cited exemption—because TCPA exemptions are to be applied on a cause-of-action-by-cause-of-action basis. *See Baylor Scott*, 633 S.W.3d at 282. This means that we must determine whether Turturro's abuse-of-process and malicious-prosecution counterclaims, *themselves*, either (1) "arise from an officer-director, employee-employer, or independent contractor relationship . . ." or (2) are based on a claim for common-law fraud. *See* Tex. Civ. Prac. & Rem. Code § 27.010(a)(5), (12). In other words, Turturro may not piggyback his counterclaims on HumanN's claims to invoke the statutory exemptions.

Having identified which "legal actions" we must examine in the context of Turturro's asserted exemptions, we hold that Turturro's two asserted counterclaims do not reasonably fall under either exemption. As already mentioned, the actionable conduct he cites in his petition is HumanN's alleged filing of a defamatory and untrue declaration and other motions in the Federal Litigation and its filing of this lawsuit, and he raises claims of abuse of process and malicious prosecution based thereon. Neither of those claims or the facts he alleges in support thereof are based on a claim for fraud or involve the kind of corporate relationships,

6

torts, and agreements listed in Section 27.010(a)(5). *See id.* We accordingly sustain HumanN's second issue.

Having determined that the exemptions on which Turturro sought to rely do not apply, we next consider whether he made a prima facie case to support each counterclaim. However, we first note that even though in his second amended counterclaim Turturro abandoned and effectively non-suited his malicious-prosecution counterclaim, *see* Tex. R. Civ. P. 65; *Continental Alloys & Servs. (De.) LLC v. YangZhou Chengde Steel Pipe Co.*, 597 S.W.3d 884, 898 (Tex. App.—Houston [14th Dist.] 2020, pet. denied), his voluntary dismissal of that counterclaim may not prejudice the right of HumanN to be heard on a pending claim for affirmative relief and has no effect on a pending motion for sanctions, attorney's fees, or other costs, *see* Tex. R. Civ. P. 162. This Court and others have held that a TCPA motion to dismiss constitutes such a claim for affirmative relief and survives a nonsuit by the other party. *See Iola Barker v. Hurst*, No. 01-17-00838-CV, 2018 WL 3059795, at *5–6 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.); *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 231 n.4 (Tex. App.—Austin 2018, no pet.); *Duchouquette v. Prestigious Pets, LLC*, No. 05-16-01163-CV, 2017 WL 5109341, at *3 (Tex. App.—Dallas Nov. 6, 2017, no pet.) (mem. op.); *Rauhauser v. McGibney*, 508 S.W.3d 377, 382–83 (Tex. App.—Fort Worth 2014, no pet.), *overruled on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We thus consider whether Turturro met his prima facie burden as to both counterclaims.

The elements of a claim for abuse of process are that (1) the defendant made an illegal, improper, or perverted use of the process—i.e., a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process; and (3) damage resulted to the plaintiff from the irregularity.

7

*See J.C. Penney Co. v. Gilford*, 422 S.W.2d 25, 31 (Tex. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.); *see also Liverman v. Payne–Hall*, 486 S.W.3d 1, 5 (Tex. App.—El Paso 2015, no pet.) ("Abuse of process is the malicious misuse or misapplication of process in order to accomplish an ulterior purpose." (citation omitted)). An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by the law. *J.C. Penney*, 422 S.W.2d at 31. The mere issuance of process is not actionable as an abuse of process; there must be use of the process, and that use must of itself be outside the scope of the process and, hence, improper. *Id.*; *see Liverman*, 486 S.W.3d at 5 (noting that "critical aspect" of tort of abuse of process is "the improper use of the process after it has been issued"); *Blanton v. Morgan*, 681 S.W.2d 876, 878 (Tex. App.—El Paso 1984, writ ref'd n.r.e.) (holding that, even assuming that amended petition was maliciously filed, defendant's claim for abuse of process was "fatally defective" because it "fail[ed] to allege an improper use of the process").

As best as we can glean from Turturro's live petition, HumanN's actionable improper or illegal use of the legal process (the first element of his counterclaim) consists of HumanN's (through AnnMarie Kocher) alleged filing of a false declaration in the Federal Litigation containing "offensive" and "inaccurate" statements about him and its motions in that lawsuit to preclude him from attending or testifying in that trial. Even assuming that such alleged conduct constitutes an improper or illegal use of the legal process, however, Turturro does not allege any facts or proffer any evidence pertinent to the third element of a claim for abuse of process: that he suffered damages as a result thereof. Under the TCPA, the evidence must be sufficient to allow a rational inference that some damages naturally flowed from the defendant's conduct. *See USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 202 (Tex. 2023). To meet his burden, Turturro was required to present evidence sufficient to support a rational inference that

he "suffered *some* specific, demonstrable injury attributable to" the conduct constituting HumanN's abuse of process. *See id.* Turturro alleged damages in his live petition only vaguely and generally—"Defendant has incurred damages"—and the evidence he attached to his response to the TCPA motion is devoid of any specific facts alleging how he was allegedly harmed, financially or otherwise, by the acts he claims constitute HumanN's abuse of process. *See Welch v. See*, No. 03-22-00037-CV, 2023 WL 6322649, at *8 (Tex. App.—Austin Sept. 29, 2023, no pet.) (mem. op.). We conclude that Turturro did not meet his burden to make a prima facie case for his abuse-of-process counterclaim.

The following are the elements of a claim for malicious prosecution: (1) a civil judicial proceeding was previously filed; (2) the defendant in the malicious-prosecution case caused the original suit to be filed; (3) the commencement of the original proceeding was malicious; (4) no probable cause existed for the filing of the original proceeding; (5) termination of the original suit in favor of the party prosecuting the later malicious-prosecution action; and (6) damages conforming to the legal standards under Texas law. *Blanton*, 681 S.W.2d at 878. Before abandoning his counterclaim for malicious prosecution, Turturro alleged the same underlying facts to support it as those he alleged in support of his claim for abuse of process. We conclude that Turturro did not meet his burden to make a prima facie case for his malicious-prosecution claim because he did not allege clear and specific evidence supporting at least the fifth and sixth elements: that the Federal Litigation terminated in his favor and that he suffered damages as a result of that suit. We sustain HumanN's third issue.

In its fourth issue, HumanN contends that to the extent the trial court based its denial of the TCPA motion on Turturro's argument that the TCPA does not apply because HumanN's unjust-enrichment claim is barred by the statute of limitations, the trial court erred. In his response

9

to the TCPA motion, Turturro argued that HumanN's unjust-enrichment claim is barred by the statute of limitations and that HumanN's remaining claims (for fraud and breach of fiduciary duty) are "inextricably intertwined" with the "legally invalid" and "non-meritorious" unjust-enrichment claim, rendering the TCPA inapplicable. But, as we have already discussed, we must determine whether the TCPA applies to *Turturro's counterclaims*, not HumanN's claims, and his argument is therefore inapposite. Furthermore, the case he cites in support of this argument does not stand for such proposition. *See Navidea Biopharm., Inc. v. Capital Royalty Partners II, L.P.*, No. 14-18-00740-CV, 2020 WL 5087826, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.) (reciting that if court cannot determine which claims movant seeks to dismiss are in response to protected activity rather than unprotected activity, trial court does not err in denying TCPA motion). To the extent that the trial court denied HumanN's motion based on this argument, it erred, and we sustain HumanN's fourth issue.

Having sustained HumanN's first four issues, we conclude that the trial court erred in denying HumanN's TCPA motion to dismiss. We accordingly sustain HumanN's fifth issue and remand this case to the trial court for determination of the attorney's fees, costs, and sanctions that must be awarded to HumanN under Section 27.009. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1), (2); *Hawxhurst*, 550 S.W.3d at 232.

## CONCLUSION

We reverse the trial court's denial of HumanN's TCPA motion, render judgment dismissing with prejudice Turturro's counterclaims for abuse of process and malicious prosecution, and remand this cause for a determination of the amount of attorney's fees, costs, and sanctions to which HumanN is entitled.

10

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Reversed and Rendered in Part; Remanded in Part

Filed:   November 1, 2024